UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHROOFA I. KHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH,<br><br>        Defendant. | Case No. 24-cv-09289-LJC<br><br>**ORDER RESOLVING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 35 |

Before the Court is the joint discovery brief filed by Plaintiff Mahroofa Khan and Defendant the City and County of San Francisco (the City). ECF No. 35.[1] Plaintiff argues that many of the City's responses to her Requests for Admission and Interrogatories are insufficient and seeks a court order compelling the City to provide further responses. The City argues that it has responded sufficiently to the majority of the requests at issue and explains that it will provide further responses to a limited number of requests. The close of fact discovery is on January 30, 2026. The Court assumes the parties' familiarity with the overall procedural and factual background of the case.

For the forgoing reasons, Plaintiff's request for relief is DENIED in part and GRANTED in part.

---

[1] As a housekeeping matter, the parties are instructed to comply with the undersigned's Civil Standing Order going forward, which, in relevant part at § F-5, provides that joint discovery briefs "shall not exceed five pages."

### A. Requests for Admission

#### 1. Legal Standard

Federal Rule of Civil Procedure 36 governs requests for admission. Rule 36(a)(1) permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matter within the scope of Rule 26(b)(1) relating to … facts, the application of law to fact, or opinions about either; and" the genuineness of identified documents. Requests for admission serve two purposes: "first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

A responding party must either admit the matter, "specifically deny it[,] or state in detail why" the responding party "cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* "Where the meaning of a particular term in a request is somewhat inexact, the responding party should supply its own definition and admit or deny, or qualify its admission or denial to make it accurate and responsive." *Runway TV, LLC v. De Gray*, No. 18-cv-02503, 2020 WL 6712253, at *3 (C.D. Cal. Sept. 15, 2020). If a responding party is unable to admit or deny a request because of "lack of knowledge or information," it must state in its response "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

Plaintiff argues that the City's responses to twenty of her Requests for Admissions are insufficient. For the most part, the City disagrees and argues that its responses complied with the requirements of Rule 36(a)(1). The Court agrees in large part with the City and finds that its responses to the majority of the RFAs at issue were sufficient, but finds that further responses are warranted to RFA Nos. 7, 11, 18, 36, 43 and 47.

#### 2. RFA Nos. 1, 12, 27, 44-46, 51, 66, and 72

The City objected to RFA Nos. 1, 12, 27, 44-46, 51, 66, and 72, and, without waiving its

objections, denied these requests outright. *See* ECF No. 35 at 11-24. Plaintiff disagrees with the City's denials and argues that the City must be forced to answer the requests "in full." *See, e.g., id.* at 2. For example, RFA No. 12 asks the City to admit or deny the following: "Supervisor Tuyet Nguyen was newly appointed and did not have experience in her supervisory role before Plaintiff joining CBHS Pharmacy - making Plaintiff her first hire under her new role as a Supervisor." *Id.* at 14. The City objected based on vagueness and ambiguity, and, without waiving its objections, denied the RFA. *Id.* In the letter brief, Plaintiff explains that the "City has access to records regarding hire dates, promotion dates, title changing, training records," and argues that ordering the City to answer the RFA "in full will prove Supervisor did not have experience in her role" and show "why Plaintiff's complaints were not handled properly." *Id.* at 3.

Plaintiff is asking too much of Rule 36. Under Rule 36(a)(4), the City is only required to admit to the RFA, deny it, or state why it "cannot truthfully admit or deny it." A denial is a complete response. The City complied with its obligations under Rule 36(a)(4) by denying the matters Plaintiff asked it to admit or deny. It is not required to go beyond its obligations under Rule 36(a)(4) and provide additional information to support its denial. If Plaintiff thinks that the City's denials are wrong or suspects that documents in the City's possession will show that a denial is inaccurate, she may serve interrogatories or requests for production seeking this information, depose witnesses she believes may have relevant information, or otherwise continue with discovery as permitted by the Federal Rules. But the City is not required to volunteer this information in response to her RFAs. Plaintiff's request that the City respond further to RFA Nos. 1, 12, 27, 44-46, 51, 66, and 72 is accordingly denied.

### 3. RFA Nos. 6, 19, 68

The City objected to RFA Nos. 6, 19, and 68, and, without waiving its objections, admitted to portions of each RFA while denying other portions. Rule 36(a)(4) provides that, "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." The City has complied with this

3

requirement and responded sufficiently. To the extent Plaintiff seeks additional information from the City regarding its responses, she may use other discovery tools permitted under the Federal Rules.

For example, RFA No. 19 asked the City to admit or deny to the following: "3 out of the 4 weekend Pharmacists … were registered with logins into PRATA to complete the weekend task of Drug Replenishment after Plaintiff started working the weekend shifts." ECF No. 35 at 15. Subject to objections, the City admitted that "all of its pharmacists are registered to perform work in the Parata" but denied "that the pharmacists' registrations only occurred after Plaintiff began working weekend shifts." *Id.* This response complies with the requirements of Rule 36(a)(4). Plaintiff argues that the City "must investigate and request dates of registration for PRATA, for all Pharmacists who had access during Plaintiff's time of employment," but, as explained above, the City has no obligation to provide information beyond what Rule 36(a)(4) requires. ECF No. 35 at 4. Plaintiff is free to request the City's records showing "dates of registration for PRATA," but the City is not required to volunteer this information in response to the RFA.

Plaintiff's request that the City respond further to RFA Nos. 6, 19, and 68 is accordingly denied.

### 4.     RFA Nos. 7 and 18

Plaintiff's RFA No. 7 asks the City to admit or deny to the following: "City and County of San Francisco Labor Relations did not respond to Plaintiff's incident report letter (named 'Letter of Unfair Dismissal') emailed to Marc Crumpton after being asked to send a list of incidents in the workplace." *Id.* at 12. The City objected that this request was vague, ambiguous, and unintelligible, explaining in the letter brief that Plaintiff did not provide the date of the alleged letter but, if "Plaintiff can specify the date of the alleged communication, the City can conduct a search for it and provide a further response to this request." *Id.* at 2. Consistent with the City's proposal in the joint letter, Plaintiff shall identify the specific document she is referring to by informing the City of the the date of the alleged communication or providing a copy of the

4

referenced communication to the City.  Within seven days of Plaintiff doing so, the City shall provide an amended response to RFA No. 7.

Similarly, RFA No. 18 asks the City to admit or deny that the "Standard Work Order for weekends was changed after Plaintiff started working weekend shifts." *Id.* at 15.  The City objected to this request as vague, ambiguous, and unintelligible, but, in the letter brief, explained that during its meet and confer with Plaintiff, Plaintiff explained she was referring to a specific document entitled "standard work order for weekends." *Id.* at 15, 3.  The City has agreed to "attempt to identify the requested document" and provide a further response, if warranted. *Id.* at 3. The Court directs the parties to meet and confer in good faith to identify the referenced documents and for the City to provide a further response to RFA No. 18 by January 9, 2026.

### 5. RFA Nos. 11, 36, 43, and 47

The City responded to RFA Nos. 11, 36, 43 and 47 by explaining that it did not have sufficient information to admit or deny the requests, and on that basis denied them.  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P.  36(a)(4).  The "reasonable inquiry" requirement "is in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (internal quotations omitted).  It requires the "responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts." *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006) (quoting *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003)).  "Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate

5

response." *Id.* (internal quotations omitted).

The City's responses to RFA Nos. 11, 36, 43, and 47 fail to state that the City has made a reasonable inquiry into the matters requested and that "the information it knows or can readily obtain is insufficient to enable it to admit or deny," as required by Rule 36(a)(4). Fed. R. Civ. P. 36(a)(4). This raises the possibility that the City has not made diligent, reasonable efforts to obtain information that would enable it to respond to these requests. To the extent it has not already done so, the City is ordered to make a reasonable inquiry, by, at minimum, reviewing documents within the City's control and making reasonable efforts to contact current and former employees who may "have information which may lead to or furnish the necessary and appropriate response." *Garber*, 237 F.R.D. at 254 (internal quotations omitted). The City must then provide amended responses compliant with Rule 36(a)(4) by January 9, 2026.

### 6. RFA Nos. 13 and 55

Plaintiff's RFA No. 13 asks the City to admit or deny that "Supervisor Tuyet Nguyen did not follow the guidelines expected of her when faced with Plaintiff's complaints of bullying and [harassment,] and therefore did not investigate nor file any reports with HR regarding the allegations." ECF No. 35 at 14. Without waiving its objections, the City responded to RFA No. 13 by denying "that Plaintiff made any complaints of 'bullying or harassment' to her supervisor Tuyet Nguyen," but did not admit or deny the portion of the RFA regarding the failure to investigate or file HR repots. *Id.* RFA No. 55 asks the City to admit or deny that "Plaintiff's complaints of the hostile work environment created by Jane Perez were ignored by management." *Id.* at 22. Subject to objections, the City denied that "Plaintiff complained of a hostile work environment to her supervisor Tuyet Nguyen or her director Theresa Maranon," but did not admit or deny the portion of the RFA stating that Plaintiff's complaints were ignored. *Id.* As the City denied the underlying premise of both RFAs, the Court construes the City's responses as outright denials. That is, as the City denied that Plaintiff complained of a hostile work environment, it by extension denied that management ignored complaints because it contends no complaints were

made. If the City wishes to amend its answers to clarify its responses to RFA Nos. 13 and 55, it shall do so by January 9, 2026.

Plaintiff disagrees with the City's responses and requests an order compelling the City to provide full responses. As explained above, the Court views the City's responses as denials and finds that no further responses are warranted under Rule 36(a)(4).

### B. Interrogatories

#### 1. Legal Standard

Rule 33(a) provides that "a party may serve on any other party no more than 25 written interrogatories," and the interrogatories "may related to any matter that may be inquired into under Rule 26(b)." To the extent an interrogatory "is not objected to," it must be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(b). Rule 33(d) provides that if "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records … and if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party may specify the records to be reviewed and provide the requesting party a reasonable opportunity for review.

#### 2. Analysis

Plaintiff contends that the City's responses to Interrogatory Nos. 3, 6, 7, and 10 are insufficient. The City has agreed to provide a further response to Interrogatory No. 10. ECF No. 35 at 7. It is ordered to do so no later than January 9, 2026.

Plaintiff's requests that the City provide further responses to Interrogatory Nos. 3 and 7 is denied. At Interrogatory No. 3, Plaintiff asks the City to "describe in detail the nature of" her deficiencies on the job "which became the reason of termination." *Id.* at 26. The City responded, explaining that "Plaintiff's unsatisfactory performance included being late to work and absent from duty on multiple occasions, amongst other concerns." *Id.* at 27. Plaintiff states that she "disagrees with the City's response as it lacks merit." *Id.* at 6. Plaintiff's disagreement with the City's given reasons is not a legitimate basis for ordering the City to further respond. At

7

Interrogatory No. 7, Plaintiff asks the City to "[i]dentify all documents concerning Plaintiff's work performance, discipline, or termination, including evaluations, written warnings, emails, or memoranda." *Id.* at 29. The City explains that it has responded pursuant to Rule 33(d) by producing responsive documents. The Court agrees with the City that no further response is necessary.

At Interrogatory No. 6, Plaintiff asks the City to "[i]dentify all complaints made by Plaintiff regarding discrimination, [harassment,] retaliation, or unfair treatment." *Id.* at 28. The City objected, asserting, among other things, that the terms "complaints," "discrimination," harassment, "retaliation," and "unfair treatment" were vague. Without waiving its objections, the City listed various written complaints Plaintiff made between January and June 2024. *Id.* at 28-29. Plaintiff asserts that the City's response was inaccurate, as it omitted reports Plaintiff made in the fall of 2023, and request that the City be compelled to respond further. The City contends that its response was complete.

"The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. The responding party should exercise common sense and attribute ordinary definitions to terms in discovery requests." *Advanced Visual Image Design, LLC v. Exist, Inc.*, EDCV 14-2525, 2015 WL 4934178, at *6 (C.D. Cal. Aug. 18, 2015) (internal quotation marks omitted). The Court does not find Interrogatory No. 6 so vague so as to merit the City's objections, and this objection is accordingly overruled. The Court views Interrogatory No. 6 as asking the City to identify all instances, both formal and informal, where Plaintiff communicated her dissatisfaction or grievances regarding unfair treatment at work or discrimination, harassment, or retaliation she experienced at work to her supervisors, management, HR personnel, her union, or other responsive authority figure; when these communications were made and who they were made to; and how (if at all) the City responded. *See* ECF No. 35 at 28. The City appears to have limited its response to identifying formal written complaints Plaintiff made after she was released from her job. This appears somewhat inconsistent with its duty "to

8

apply a good faith, reasonable interpretation to interrogatory requests" and to respond to each interrogatory fully. *Warner Bros. Int'l Television Distribution v. Golden Channels & Co.*, No. CV 02-09326, 2003 WL 27384426, at *2 (C.D. Cal. Aug. 15, 2003). The City is accordingly ordered to amend its response to identify all communications made by Plaintiff reporting discrimination, harassment, retaliation or mistreatment at work, as described above, as well as the dates of such complaints, who the complaints were made to, and the City's response. The City shall amend its response by January 9, 2026.

**IT IS SO ORDERED.**

Dated: December 12, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge

9