UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHROOFA I. KHAN,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH,

Defendant.

Case No. 24-cv-09289-LJC

**ORDER RESOLVING DISCOVERY DISPUTES**

Re: Dkt. Nos. 46, 49

Before the Court are the discovery letter filed by Defendant the City and County of San Francisco (the City) and the response filed by Plaintiff Mahroofa Khan. ECF No. 46, 49. The Court assumes the parties' familiarity with the factual and procedural history of this case. Having considered the parties' arguments, the record in the case, and the relevant legal authorities, the Court rules as follows: the City shall provide amended responses to RFP Nos. 2-3 confirming that it is not withholding any documents on the basis of privilege. If it has not already done so, it shall produce the December 20, 2023 emails regarding Plaintiff's termination date referenced in Plaintiff's reply. The City shall produce the requested personnel files in response to RFP Nos. 14-15 from June 10, 2022 to January 4, 2025. The City is not required to provide further amended responses to RFA Nos. 7, 11, 36, 43, and 47. Plaintiff shall either permit disclosure of mental health treatment records only, or stipulate that she is not seeking emotional distress damages beyond garden variety emotional distress, does not seek damages for ongoing emotional distress or mental health treatment, and that she shall not introduce any expert testimony or reports concerning her emotional distress. The Court's reasoning is as follows.

### A.    The City's Responses to RFP Nos. 2-3

Plaintiff's RFP No. 2 asks for all documents from three employees in the City's

Department of Public Health related to the City's investigation of Plaintiff's EEOC Complaint. ECF No. 46 at 9. RFP No. 3 asks for all documents from six city employees related to Plaintiff's release from probationary employment. *Id*. The City objected to the requests to the extent they sought documents "protected from disclosure by attorney-client privilege and/or the attorney work product doctrine," and agreed to "produce all responsive, non-privileged documents in its possession, custody, and/or control." *Id.* at 9-10. The City represents that it has produced all responsive documents but did not produce a privilege log because it did not withhold any documents on the basis of privilege. *Id.* at 1. Plaintiff argues that the City has not produced all responsive documents, as its production omitted certain communications sent on December 20, 2023; that it must produce a privilege log; and that the City did not adequately explain how it searched for responsive documents. *See* ECF No. 49 at 1.

The Court agrees with the City that it need not produce a privilege log if it is not withholding privileged information. *See* Fed. R. Civ. P. 26(b)(5) (requiring privilege logs "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged"). However, the City shall provide amended responses to the two RFPs clarifying that it is not withholding any documents on the basis of privilege. Additionally, to the extent that such documents exist and the City has not already produced them, the City shall produce the December 20, 2023 emails "between the Director and HR regarding Plaintiff's termination date" described in Plaintiff's response. ECF No. 49 at 1. If the City is unsure of what documents Plaintiff is referring to, the parties must cooperate in good faith to identify the documents at issue. The City's amended responses and supplemental documents shall be produced by March 20, 2026.

### B.    The City's Responses to RFP Nos. 14-15

Plaintiff requested that the City produce performance-related records of other employees who held her job title and reported to her same supervisors between June 10, 2021 and January 4, 2025, as well as all drafts, revisions, or notes of these documents. *See* ECF No. 46 at 13 (RFP Nos. 14-15). The City objects that these requests seek irrelevant information, are overbroad as to time and scope, and are subject to the official information privilege. *Id.* at 1-2. Plaintiff disagrees. *See* ECF No. 49 at 2. The Court largely sides with Plaintiff.

2

First, the City's argument that other employees' personnel records "are not relevant to Plaintiff's termination for poor performance" prematurely decides the central issue of the case. ECF No. 46 at 2. Plaintiff alleges that she was treated differently from other probationary employees, and ultimately terminated, because of her race. *See* ECF No. 1 (Compl.). "It is well-settled that an employee may prove his or her claim of unlawful discrimination by evidence that other employees of different races or national origin were treated differently in similar circumstances." *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1034 (9th Cir. 1990). Personnel files of other probationary employees who held the same role as Plaintiff are thus relevant as they may support or undercut Plaintiff's claim that she was treated differently than her peers.

Second, the City's argument regarding overbreadth are unconvincing. The request is appropriately tailored to only seek personnel files of employees with the same job as Plaintiff and who were managed by Plaintiff's supervisors. *See i*ECF No. 46 at 13. Plaintiff is entitled to discovery from before and after her period of employment with the City. Although "the temporal scope of discovery … should be limited to a reasonable time based on the parties' allegations," what constitutes a reasonable time "must be determined on a case-by-case basis." *Garedakis v. Brentwood Union Sch. Dist.*, No. 14-cv-04799, 2016 WL 1133715, at *3 (N.D. Cal. Mar. 23, 2016); *In re Bofl Holding, Inc. Sec. Litig.*, No. 15-cv-02324, 2021 WL 1812822, at *5 (S.D. Cal. May 6, 2021). "In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) (collecting cases). Plaintiff was employed by the City between June 2023 and January 2024. *See* Compl. at 3. She seeks personnel files from two years before she started her job and one year after she was terminated. Employment files before and after her time with the City will provide "context" and allow Plaintiff to compare her alleged treatment with the treatment of other similarly positioned probationary employees shortly before, during, and shortly after her period of employment. To lessen the burden on the City, however, the Court limits the timeframe to between June 10, 2022 (one year before Plaintiff's employment began) and January 4, 2025 (one year after Plaintiff was terminated).

United States District Court
Northern District of California

3

Third, the City's argument that the records are subject to the official information privilege is not grounds for barring their production. ECF No. 46 at 2. "Federal common law recognizes a qualified privilege for official information." *Sanchez*, 936 F.2d at 1033. Government employee files may be covered by the official information qualified privilege. *See Zaustinsky v. University of Cal.,* 96 F.R.D. 622, 625 (N.D. Cal. 1983). The party asserting the privilege must first make a "substantial threshold showing" that they are entitled to the privilege by serving specific objections, providing a privilege log "that specifically identifies the information that is purportedly protected from disclosure," and submitting affidavits "from a responsible official making several specific affirmations as to the confidentiality of the information." *Bryant v. Armstrong*, 285 F.R.D. 596, 605 (S.D. Cal. 2012). If the party asserting the privilege makes this showing, courts then engage in a balancing test. *See id.* "To determine whether the information sought" is entitled to protection, "courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Sanchez*, 936 F.2d at 1033-34. Factors to be considered in determining whether the official information privilege bars production include:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) whether the plaintiff's suit is non-frivolous and brought in good faith; (4) whether the information sought is available through other discovery or from other sources; and (5) the importance of the information sought to the plaintiff's case.

*Lindsay v. Fontana Police Dep't*, No. 22-cv-01356, 2024 WL 4868189, at *6 (C.D. Cal. Oct. 15, 2024) (quoting *Kelly v. City of San Jose*, 114 F.R.D. 653, 663 (N.D. Cal. 1987)).

Here, there is no indication that the City made specific objections to Plaintiff's requests, supported by affidavits from the responsible official affirming the confidentiality of the personnel files. *See* ECF No. 46. That alone would be grounds to compel production. Even if the City had made this threshold showing, the Court would find that the benefits of disclosure outweigh the potential disadvantages. Requiring the City to disclose a limited number of employee personnel files for use in this lawsuit only is unlikely to discourage individuals from seeking employment with the City. *See Brown v. State of Or., Dep't of Corr.*, 173 F.R.D. 262, 264 (D. Or. 1997).

4

United States District Court
Northern District of California

While the privacy interests of the third-party employees will be impacted, these concerns can be ameliorated by redacting sensitive and unrelated information from the files. Moreover, there is a protective order in this case. ECF No. 48. The Court expects that personnel files will be designated as confidential under the protective order and thus may only be used for this litigation. These measures reasonably address the impact of disclosure on third-party employees. Addressing the third and fifth factors together—and without making any determination as to liability—the Court finds that Plaintiff's suit appears to be nonfrivolous and to have been brought in good faith, and that the personnel files are likely highly important to her claims. Lastly, addressing factor four, there is no indication that Plaintiff could obtain the information she seeks in a less burdensome manner. *See Soto v. City of Concord,* 162 F.R.D. 603, 617 (N.D. Cal. 1995). This distinguishes the instant case from *Sanchez*, where the Ninth Circuit held that the district court "did not abuse its discretion in denying" plaintiffs' access to other employees' personnel files when plaintiffs already had access to the necessary information. 936 F.2d at 1034. The Court accordingly determines that the official information privilege does not prohibit production of personnel files.

The City is ordered to produce documents responsive to RFP Nos. 14-15, although the timeframe is limited to June 10, 2022 to January 4, 2025. The parties are expected to comply with the protective order in effect. The City shall complete this production by March 20, 2026.

### C.    The City's Responses to RFA Nos. 7, 11, 36, 43, and 47:

The Court previously ordered the City to amend its responses to RFA Nos. 7, 11, 36, 43, and 47. *See* ECF No. 36. The City has now done so. *See* ECF No. 46 at 17-26. Plaintiff claims that the City's responses are not based on a "proper investigation" in violation of Rule 36. ECF No. 49 at 2. The City's supplemental responses comply with Rule 36(a)'s requirement that an answering party may "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." No further responses are necessary.

**D.      Production of Plaintiff's Medical Records:**

Lastly, the parties dispute whether Plaintiff must produce her medical records.  Plaintiff alleges that she experienced emotional distress, including feeling "belittled and intimidated" and experiencing "constant anxiety," due to her alleged mistreatment.  Compl. at 5, 7.  She has moved to amend her complaint to specifically allege that she suffered "emotional distress" due to the City's actions and request an award of "emotional distress damages."  ECF No. 50-3 at 18-19.  Per the City, during Plaintiff's deposition she testified that she was treated by two physicians for her ongoing emotional distress, and, per Plaintiff, she "has provided a letter from her treating physician confirming that she experienced elevated stress due to work-related events."  ECF No. 49 at 3.   The City has now requested Plaintiff's medical records, purportedly in order "to evaluate her claim for damages relating to this alleged injury and related treatment."  ECF No. 46 at 2.  Plaintiff objects that the City's request for all medical records is overbroad, as the request necessarily covers "laboratory results, X-rays, gynecological records, or other medical history unrelated to Plaintiff's emotional distress claims."  ECF No. 49 at 3.  Plaintiff asks that the Court narrow the scope of this request to medical records "specifically related to emotional distress treatment."  *Id.*

Federal Rule of Civil Procedure 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering," among other factors, "the importance of the issues at stake in the action" and "the importance of the discovery in resolving the issues."  The City claims that because Plaintiff claims she has experienced emotional distress due to the City's actions, "Plaintiff's [medical] records are essential to her damages claim" and thus appropriate for discovery under Rule 26.  ECF No. 46 at 2.

When a plaintiff alleges that they experience garden variety emotional distress, as opposed to severe or enduring emotional harm, medical and psychological examinations and other more intrusive discovery regarding a person's medical and mental health history, including discovery of medical records, are generally disallowed because the plaintiff's mental health is not placed in controversy.  *See Thomas-Young v. Sutter Cent. Valley Hosps.*, No. 12-cv-01410, 2013 WL 3481693, at *7 (E.D. Cal. July 10, 2013) (declining to order production of medical records where

plaintiff alleged only "garden variety emotional distress" and did not "intend to introduce medical records or expert testimony regarding her emotional distress"). Allegations of "'garden variety' emotional distress do not put a plaintiff's mental state in controversy." *Pringle v. Wheeler*, 19-cv-07432, 2021 WL 1907824 *3 (N.D. Cal. Apr. 16, 2021). Mental anguish that flows "naturally from an unlawful termination" is considered garden variety emotional distress and it encompasses ordinary, simple, usual stress along the lines of anxiety, humiliation, and anguish. *Id.* (internal quotations omitted). In contrast, complex emotional distress may involve a specific psychiatric disorder, unusually severe emotional distress, severe anxiety, severe depression, and/or emotional trauma. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003); *Tamburri v. SunTrust Mortg. Inc.*, No. C 11-02899, 2013 WL 942499, at *1-2, *4 (N.D. Cal. Mar. 11, 2013). When a plaintiff has not undergone mental health treatment, does not claim ongoing mental injury, and there is no indication that she will introduce medical evidence of emotional distress, then the plaintiff's mental state is not in controversy. *See Pringle*, 2021 WL 1907824, at *3-4.

Here, Plaintiff does not appear to allege that she suffered from more than "garden variety" emotional distress. *See* Compl.; *Fitzgerald*, 216 F.R.D. at 637. The City has been able to depose Plaintiff's about her emotional distress, and, absent allegations that Plaintiff experienced extreme emotional harm or a specific mental or psychiatric injury, the City is not entitled to Plaintiff's medical records. However, given that Plaintiff produced letters from medical providers, she may be intending to introduce evidence showing that she experienced severe or ongoing emotional harm. If she were to do so, the Court agrees that the City would be entitled to more fulsome discovery into Plaintiff's medical records.

The Court accordingly gives Plaintiff a choice: Plaintiff may either stipulate that (1) she is not seeking emotional distress damages beyond "garden variety" emotional distress, (2) she does not seek damages for ongoing emotional distress or mental health treatment, and (3) she will not introduce any expert testimony regarding her emotional distress damages. If Plaintiff so stipulates, the City's request for Plaintiff's medical records shall be quashed. *See Pringle*, 2021 WL 1907824, at *5. Such stipulation shall be filed within seven days of this order. If Plaintiff chooses not to so stipulate, she shall authorize production of her medical records regarding her

7

mental health and mental health treatment *only*. The Court agrees that the City has not explained how *all* of Plaintiff's medical records—including those regarding physical conditions—are relevant, and thus even if Plaintiff wishes to seek damages for severe emotional distress, the City would only be entitled to Plaintiff's medical records that bear on her mental health conditions and treatment.

## II.    CONCLUSION

The City shall provide amended responses and production of the December 20, 2023 emails referenced in Plaintiff's letter brief, in response to Plaintiff's RFP Nos. 2-3, by March 20, 2026. The City shall produce personnel files and documents responsive to Plaintiff's RFP Nos. 14-15 from between June 10, 2022 and January 4, 2025 by March 20, 2026. By March 19, 2026, Plaintiff shall either file a stipulation regarding emotional distress damages, as described above, or provide authorization for her medical providers to release medical records regarding her mental and emotional health and treatment to the City.

The Court notes that the close of fact discovery was on March 6, 2026, not, as the City seems to think, March 27, 2026. *See* ECF No. 41, 46. The deadline for the parties to file any additional discovery letter briefs is thus March 13, 2026. *See* Civil L.R. 37-3.

**IT IS SO ORDERED.**

Dated: March 12, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

8