UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHROOFA I. KHAN,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

Case No. 24-cv-09289-LJC

**ORDER RESOLVING DISCOVERY BRIEFS AT ECF NOS. 51 AND 53**

Plaintiff Mahroofa Khan filed a unilateral discovery brief requesting that the Court compel Defendant the City and County of San Francisco (the City) to fully respond to her Requests for Production by producing badge access records (in response to RFP No. 4) and EPIC software user activity records (in response to RFP No. 6). ECF No. 51 at 1. She also requests that, if such records are unavailable, the Court "treat it as established that Plaintiff was present and performing her duties during the relevant period." *Id.* at 3. The City responded. ECF No. 53. It explained that it had adequately responded to Plaintiff's request for badge access records, as it informed Plaintiff it had conducted a diligent search and reasonable inquiry into the badge records, but did not have any responsive documents because it had not retained records from the time period at issue. *Id.* at 1-2. It next explained that it had produced Plaintiff's EPIC software user activity on February 26, 2026. *Id.* at 2. It argued that it would be improper for the Court to make an adverse inference based on the lack of records, as the City did not retain the badge activity records pursuant to its longstanding "retention policies"—not in order to frustrate discovery—and that after receiving notice of this lawsuit in March 2025, it has "appropriately retained information and documents for this matter." *Id.*

Plaintiff's request for further production in response to RFP No. 4 is denied. The parties

are directed to meet and confer regarding RFP No. 6.  Plaintiff's request for an adverse inference is denied without prejudice.  The Court's reasoning is as follows:

Plaintiff's RFP No. 4 requested "[a]ll electronic badging via key card access, from June 10th 2023 to January 4th 2024, relating to Plaintiffs physical access to the building to track all whereabouts during employment at 1380 Howard St, San Francisco."  ECF No. 53 at 7.  The City objected, and, without waiving its objections, responded that after a "a diligent search and reasonable inquiry, the City does not have any responsive documents in its possession, custody, and/or control because the City does not retain activity records that date back to the requested time period."  *Id.*  The City's response is sufficient.  Respondents have a duty to undertake a diligent search and reasonable inquiry to locate documents responsive to requests for production.  *See Garcia v. Bana,* No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012).  The City represents that it has done so.  *See* ECF No. 53 at 7.  While Plaintiff argues that the City "must provide a sworn declaration under penalty of perjury" that it conducted a diligent search, this is not a requirement under Rule 34.  *See* Fed. R. Civ. P. 34(b)(2).

Moreover, Plaintiff has not asserted, nor provided evidence, that the City has failed to comply with the certification requirement in Rule 26(g) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 26(g).  Rule 26(g) requires an attorney or unrepresented party to sign each discovery request, response or objection, "certif[ying] that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand."  Fed. R. Civ. P. 26(g) advisory comm.'s note to 1983 amendment.  "Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual response to a discovery request."  *Id.*  No further response is necessary.

Plaintiff's RFP No. 6 requested "EPIC Systems software user activity report for Plaintiff from August 1st 2023 to December 31st 2023."  ECF No. 53 at 7.  The City objected on vagueness and privacy grounds, but agreed to produce "all responsive documents in its possession, custody, and/or control."  *Id.* at 7-8.  It represents that it "produced responsive documents" on February 26, 2026. *Id.* at 2.  However, in Plaintiff's letter brief (filed on March 4, 2026), she represented that, "[t]o date, the City has not produced these reports."  ECF No. 51 at 1.  The parties, and the Court,

United States District Court
Northern District of California

2

appear to be in agreement that the City must produce all responsive, nonprivileged documents responsive to the request that it has in its possession, custody, or control. But given that the City represents it has produced these documents (albeit with certain third-party information redacted), "[i]t is not clear what dispute Plaintiff contends exists." ECF No. 53 at 2. The parties are directed to meet and confer, in person or via video conference, by March 20, 2026, to discuss what, if any, documents Plaintiff claims the City has failed to produce in response to RFP No. 6 or other deficiencies in the City's production. If they are unable to reach a resolution, they may then file a supplemental *joint* brief laying out their respective positions, not to exceed three pages, by March 25, 2026.

Plaintiff's request that the Court "[t]reat it as established that Plaintiff was present and performing her duties during the relevant period if records are unavailable" is denied without prejudice. The Court construes Plaintiff's request as one for spoliation sanctions under Federal Rule of Civil Procedure 37(e). "If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," and if the court finds that another party will be prejudiced by the loss of information, the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e). Furthermore, if the court determines that the information was lost because the producing party "acted with the intent to deprive" the information from the requesting party, the court may:

> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

*Id.*

Plaintiff's general statement that federal law "imposes a duty to preserve relevant evidence once litigation is reasonably foreseeable" is accurate, and the Court—without prejudice to any arguments the City may later raise and without reaching the merits of the dispute—is somewhat concerned by the City's statement that it "issued litigation holds" and retained information once "it was on notice of this lawsuit in March 2025," given that "there is no question that the duty to

United States District Court
Northern District of California

preserve relevant evidence may arise even before litigation is formally commenced." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 990 (N.D. Cal. 2012); ECF Nos. 51 at 2, 53 at 2.

However, a discovery letter is not the appropriate vehicle to bring a request for spoliation sanctions. Civil Local Rule 7-8 provides that "[a]ny motion for sanctions, regardless of the sources of authority invoked, must … be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2." "The form of the motion must comply with Civil L.R. 7-2" and the applicable Federal Rules of Civil Procedure. Civil L.R. 7-8. In turn, Civil Local Rule 7-2 provides that motions "must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion," and sets certain requirements regarding form and content of motions. Civil Local Rule 37-4 provides that any motions for sanctions under Rule 37 must comply with Civil Local Rules 7-8 and 7-2, and must also be accompanied by declarations that:

> (1) Set forth the facts and circumstances that support the motion;
> (2) Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court; and
> (3) If attorney fees or other costs or expenses are requested, itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed.

As Plaintiff improperly requested spoliation sanctions as part of a discovery letter brief, rather than a separate motion, her request for an adverse inference is denied. This denial is without prejudice and Plaintiff may file a noticed motion for spoliation sanctions following the applicable local and federal rules. Should she choose to do so, she must file such a motion by April 3, 2026.

**IT IS SO ORDERED.**

Dated: March 15, 2026

LISA J. CISNEROS
United States Magistrate Judge

4