UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHROOFA I. KHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Defendant. | Case No. 24-cv-09289-LJC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 50 |

Plaintiff Mahroofa Khan, proceeding pro se, moved to amend her Complaint. ECF No. 50. A copy of her proposed amended complaint, filed with her motion to amend, includes claims under the federal Family and Medical Leave Act (FMLA), the California Family Rights Act (CFRA), and a claim for wrongful termination in violation of public policy (a *Tameny* claim). ECF No. 50-2 at 18; *see Tameny v. Atlantic Richfield*, 27 Cal. 3d 167 (1980) (establishing common-law tort of wrongful discharge in violation of public policy). Defendant the City and County of San Francisco (the City) opposed Plaintiff's motion to amend, and Plaintiff filed a reply. ECF Nos. 56, 58. In her reply brief, Plaintiff clarified that she was not asserting a "*Tameny* claim against the City" and instead wanted to amend her Complaint to add claims "for unlawful termination, retaliation, and interference under" the FMLA and CFRA, in addition to her claims under the California Fair Employment and Housing Act (FEHA) and federal civil rights law raised in her original Complaint. ECF No. 58 at 3.

Accordingly, the Court construes Plaintiff's motion to amend as a motion to add claims under the FMLA and CFRA only. Courts must liberally grant leave to amend, particularly to pro se litigants, but may decline to grant leave to amend where amendment would be futile. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); *Allen v. City of Beverly*

United States District Court
Northern District of California

*Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Among other requirements, to be eligible for leave under the FMLA or CFRA, an employee must have been employed for more than twelve months by their employer by the time they take leave and must have worked "at least 1,250 hours" with their employer during the previous twelve-month period.  Cal. Gov't Code § 12945.2(a); 29 U.S.C. § 2611(2)(A).  In her proposed amended complaint, Plaintiff alleges that she "was hired on 06/10/2023" and "went into mandatory 10-day isolation" after testing positive for COVID on "12/19/2023."  ECF No. 50-2 at 5, 11.  She alleges that she was employed by the City as a pharmacy technician "from 06/10/2023 to 01/04/2024."  *Id.* at 17.  In light of these allegations, the Court is concerned that Plaintiff will be unable to plausibly allege that she was employed by the City for twelve months at the time she took leave in December 2023, such that she was eligible for leave under the FMLA and CFRA. While the Court must grant leave to amend "with extreme liberality," granting Plaintiff leave to add claims under the FMLA and CFRA if she was not eligible for leave under those statutes would likely be futile and needlessly delay the case.  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Plaintiff is accordingly ORDERED TO SHOW CAUSE why she should be permitted leave to amend her complaint to add claims under the FMLA and CFRA.  Plaintiff shall file a response to this Order by April 10, 2026 explaining why she should be permitted to add FMLA and CFRA claims and her basis for claiming that she met the FMLA and CFRA's eligibility requirements.

Plaintiff is encouraged to use the Northern District's resources for pro se litigants, available online at: https://cand.uscourts.gov/representing-yourself.  Plaintiff may also schedule a free appointment for information and limited-scope legal assistance with the Legal Help Center by calling 415-782-8982.  The Legal Help Center is located at 450 Golden Gate Avenue 15th Floor, Room 2796, San Francisco, CA 94102.

**IT IS SO ORDERED.**

Dated: March 20, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

2