UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHROOFA I. KHAN,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH,

Defendant.

Case No. 24-cv-09289-LJC

**ORDER REGARDING RESPONSE TO ORDER TO SHOW CAUSE; ORDERING ADDITIONAL FILING REGARDING MOTION TO AMEND COMPLAINT**

Re: Dkt. No. 61

Plaintiff Mahroofa Khan, proceeding pro se, moved for leave to file a first amended complaint to add additional factual allegations and new claims under the Family and Medical Leave Act (FMLA), California Family Rights Act (CFRA), and a *Tameny* claim for termination in violation of public policy. ECF No. 50. Defendant the City and County of San Francisco (the City) opposed the motion, arguing, among other things, that Plaintiff's *Tameny* claim failed as a matter of law. ECF No. 56. Plaintiff filed a reply brief explaining that she was not asserting "a Tameny claim against the City," and was instead asserting claims for unlawful termination, retaliation, and interference" under the FMLA and CFRA, as well as employment discrimination and retaliation claims under FEHA and "federal civil rights law," apparently referring to Title VII of the Civil Rights Act. ECF No. 58 at 3. The Court then issued an Order to Show Cause directing Plaintiff to explain why she should be permitted to add claims under the FMLA and CFRA, as employees are only eligible for protected leave under those Acts if they had been employed for more than twelve months by their employer and Plaintiff alleged that she worked for the City for approximately eight months. ECF No. 59.

Plaintiff has now responded to the Order to Show Cause. ECF No. 61. She explains that she "understands she may not have met the statutory eligibility requirements" for the FMLA and

CFRA "at the time she took leave in December 2023." *Id.* at 2. She explains that "during depositions" (presumably, of the City's employees), her leave in December 2023 "was referred to as 'FMLA Leave,'" which contributed to "Plaintiff's good faith belief that her leave was being treated as protected medical leave at the time, even though Plaintiff later learned it was administratively classified as 'Sick Leave.'" *Id.* Plaintiff's explanation clarifies why she waited until after the depositions to move for leave to amend her complaint, but does not suggest that Plaintiff was covered by the FMLA or CFRA when she took leave in December 2023. *See* Cal. Gov't Code § 12945.2(a); 29 U.S.C. § 2611(2)(A). The Court accordingly concludes that granting Plaintiff leave to add claims under the FMLA and CFRA would be futile, as Plaintiff's allegations show that she was not eligible for leave under the Acts when she took leave or when she was terminated. *See* ECF No. 50-2 at 5, 11 (alleging that Plaintiff "was hired on 06/10/2023" and "went into mandatory 10-day isolation" after testing positive for COVID on "12/19/2023"). To the extent Plaintiff has moved for leave to add claims under the FMLA and CFRA, that request is DENIED.

Based on Plaintiff's reply brief and response to the Order to Show Cause, the Court understands that Plaintiff still seeks leave to file an amended complaint to "clarify the factual circumstances surrounding her medical leave" and to assert claims under FEHA and Title VII. ECF Nos. 61, 58. To allow the Court to evaluate this request, Plaintiff shall file a revised proposed amended complaint by April 24, 2026. *See* Civil L.R. 10-1. The revised proposed amended complaint may only assert claims against the City under FEHA and Title VII of the Civil Rights Act. It may not assert a *Tameny* claim or claims under the FMLA or CFRA. It must include all factual allegations supporting Plaintiff's claims that Plaintiff wants the Court to consider, and cannot reference or rely on the original complaint or the proposed complaint filed at ECF No. 50-2. The Court will rule on Plaintiff's motion for leave to amend once Plaintiff has filed a revised proposed amended complaint, and, if necessary, may request further briefing from the City.

Plaintiff is encouraged to use the Northern District's resources for pro se litigants, available online at: https://cand.uscourts.gov/representing-yourself. Plaintiff may also schedule a

2

free appointment for information and limited-scope legal assistance with the Legal Help Center by calling 415-782-8982. The Legal Help Center is located at 450 Golden Gate Avenue 15th Floor, Room 2796, San Francisco, CA 94102.

**IT IS SO ORDERED.**

Dated: April 15, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

3