UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHROOFA I. KHAN,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

Case No. 24-cv-09289-LJC

**ORDER GRANTING MOTION TO AMEND COMPLAINT IN PART**

Re: Dkt. Nos. 50, 65

Before the Court is Plaintiff Mahroofa Khan's motion for leave to file an amended complaint. This matter is suitable for resolution without oral argument. Civil L.R. 7-1(b). For the following reasons, Plaintiff's request to amend her complaint and proceed using the revised amended complaint at ECF No. 65 is GRANTED. Plaintiff shall re-file her proposed amended complaint at ECF No. 65, and this newly filed amended complaint shall be the operative complaint. The City shall respond to the amended complaint within 21 days of this Order. The deadline for filing motions for summary judgment and *Daubert* motions, currently set for May 19, 2026, is vacated. *See* ECF No. 66. By May 12, 2026, the parties shall file a joint status report proposing a new deadline for filing motions for summary judgment and *Daubert* motions, and, if necessary, reopening and extending the discovery deadlines. If the partes are unable to reach an agreement on modifications to the schedule, their joint status report shall set forth their respective proposals.

## I.    BACKGROUND

The Court assumes the parties' familiarity with the overall procedural and factual background of the case.

Plaintiff Mahroofa Khan, proceeding pro se, sued the City and County of San Francisco

United States District Court
Northern District of California

(the City) for employment discrimination, alleging that she was harassed and ultimately fired from her role as a pharmacy technician with the City's Department of Public Health.  ECF No. 1 (Compl.) at 3.  Her original complaint included a statement of facts regarding her alleged mistreatment and an explanation that her case was based on Title VII of the Civil Rights Act of 1964 and California's Fair Employment and Housing Act (FEHA) but did not include enumerated causes of action or specific claims against the City.  *Id.* at 2-11.

The case progressed through discovery, and, shortly before the close of fact discovery, Plaintiff moved for leave to file a first amended complaint.  ECF No. 50.  Plaintiff sought to "supplement the existing claims with additional factual detail learned during ongoing Discovery" and to add new claims under the Family and Medical Leave Act (FMLA) and California Family Rights Act (CFRA).[1]  *Id.*  The City opposed the motion, and Plaintiff filed a reply brief.  ECF Nos. 56, 58.  The Court subsequently issued an Order to Show Cause directing Plaintiff to explain why she should be permitted to add claims under the FMLA and CFRA.  ECF No. 59.  Plaintiff responded.  ECF No. 61.  The Court determined that Plaintiff had not shown that she could assert viable claims under the FMLA and CFRA and denied Plaintiff's request for leave to add those claims.  ECF No. 63 at 2.  To evaluate Plaintiff's request for leave to file an amended complaint clarifying "the factual circumstances her medical leave" and asserting claims under Title VII of the Civil Rights Act and California's Fair Employment and Housing Act (FEHA), the Court directed Plaintiff to file a revised proposed amended complaint.  *Id.*  Plaintiff has now done so. *See* ECF No. 65.[2]  The revised proposed amended complaint includes factual allegations regarding Plaintiff's claims.  *Id.*  It asserts claims for race/national origin discrimination and retaliation under federal antidiscrimination law; and discrimination, subjugation to a hostile work environment, retaliation, and failure to prevent discrimination, harassment, and retaliation under FEHA.  *Id.* at 26-27.  The City has not sought leave to file a further response to Plaintiff's revised proposed

---

[1] In compliance with Civil Local Rule 10-1, Plaintiff attached a copy of her proposed amended complaint with her motion to amend.  *See* ECF No. 50-2.

[2] Plaintiff's revised amended complaint appears to have been filed incorrectly as Plaintiff's "First Motion to Amend/Correct."  ECF No. 65.  For the avoidance of doubt, the Court construes ECF No. 65 as a supplemental filing in response to the Court's order at ECF No. 63, not a separate motion.

2

amended complaint.

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" if the party has already amended its pleading once or if more than twenty-one days have passed since the service of the responsive pleading. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Although leave to amend must be given freely, "it 'is not to be granted automatically.'" *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). In determining whether to grant leave to amend, courts consider "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).[3] Of these factors, "prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

The "underlying purpose of Rule 15" is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotations omitted). The Ninth Circuit has repeatedly instructed district courts to permit amendment "with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Lopez*, 203 F.3d at 1131 (internal quotations omitted).

---

[3] If the deadline to amend pleadings has passed, a party seeking leave to amend must show that there is "good cause" to amend the scheduling order, which "primarily" turns on "the diligence of the party seeking the amendment." Fed. R. Civ. P. 16(b)(4); *In re Western States*, 715 F.3d at 737. Here, because the scheduling orders did not set a deadline to file amended pleadings, this requirement does not apply.

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.   ANALYSIS

#### A.   Bad Faith

There is no indication that Plaintiff brought her motion to amend in bad faith, and the City does not argue otherwise.  As the "non-moving party has the burden of showing bad faith under Rule 15, which can be demonstrated by offering facts that a motion was filed for a frivolous or improper purpose," and the City does not argue Plaintiff is acting in bad faith, this factor weighs in favor of granting leave to amend. *TrustLabs, Inc. v. Jaiyong*, No. 21-cv-02606, 2024 WL 1354486, at *9 (N.D. Cal. Mar. 30, 2024) (citing *Eminence Cap.,* 316 F.3d at 1052).

#### B.   Undue Delay

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).  The Court evaluates whether the delay warrants denial of leave to amend, recognizing that the "policy [favoring amendments to pleadings] is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).  Plaintiff filed her original Complaint in December 2024 and waited until March 3, 2026, shortly before the close of fact discovery, to move to amend. *Compare* ECF No. 1 (Compl.) *with* ECF No. 50.  Plaintiff argues that her delay was justified because "the additional factual allegations were obtained during ongoing discovery," including during depositions in February 2026.  ECF No. 50 at 3.  The City argues that Plaintiff's delay in seeking leave to amend is not justified, as she was aware of the facts underlying her new claims when she filed her original complaint.  ECF No. 56 at 5-6.

Plaintiff's original complaint does not include enumerated causes of action, but Plaintiff alleged that she was suing under Title VII of the Civil Rights Act of 1964 and California's Fair Employment and Housing Act (FEHA). *See* Compl. at 2.  The original complaint alleged that Plaintiff was subject to "bullying and harassment" and received "differential treatment" based on her race during her probationary employment with the City. *Id.* at 3-5.  It further alleged that she was fired from her job with the City on January 4, 2024, following a "mandatory 10-day isolation" period after testing positive for COVID, and that she believed the City was retaliating against her

United States District Court
Northern District of California

"for isolating due to work related to COVID exposure." *Id.* at 8. Plaintiff's revised proposed amended complaint includes additional factual allegations regarding her alleged mistreatment, and asserts claims under Title VII and FEHA for race and national origin discrimination, retaliation, subjugation to a hostile work environment, and failure to prevent discrimination, harassment, and retaliation. ECF No. 65 at 26-27.

As the City argues, it is unclear why Plaintiff waited nearly a year and a half to amend her complaint to assert these specific claims given that she was aware of the factual bases of the claims when she filed her original complaint. *See Jackson*, 902 F.2d at 1388 ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). On the other hand, given the overlap between Plaintiff's revised amended complaint and the original complaint, allowing amendment does not fundamentally alter the nature of the case. *Cf. Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (delay "of nearly two years" between filing case and moving to amend complaint, where amended complaint "would have greatly altered the nature of the litigation," weighed against granting leave to amend). If Plaintiff was represented by counsel, the delay in moving to amend would weigh strongly against allowing amendment. But given Plaintiff's explanation that she did not understand the factual details regarding the City's alleged basis for her termination until she obtained discovery, and in light of Plaintiff's as an unrepresented litigant, the Court finds that while the delay weighs against granting leave to amend, it does not do so strongly. And, in any event, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

### C.    Prejudice

The City argues that granting Plaintiff's motion to amend "would prejudice the City by denying it the opportunity to conduct discovery on Plaintiff's new claims." ECF No. 56 at 4. The Court recognizes the City's concern but concludes that the appropriate remedy is to permit Plaintiff to amend and then adjust the case schedule as needed to accommodate additional discovery. *See Mendia v. Garcia*, 165 F. Supp. 3d 861, 874 (N.D. Cal. 2016) ("[N]either delay

5

United States District Court
Northern District of California

resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice.") (quoting *Tyco Thermal Controls LLC v. Redwood Indus.*, No. C 06-07164, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009)).

Although Plaintiff's revised amended complaint includes new factual allegations and specific causes of action under Title VII and FEHA, the amended complaint overlaps considerably with the original complaint. The Court expects that some additional discovery may be necessary, but the "discovery taken to date" will likely be "relevant to the added claims" and the scope of additional discovery will be limited. *Herrera v. County of San Benito*, No. 24-cv-01133, 2025 WL 2323350, at *5 (N.D. Cal. Aug. 11, 2025). This is not a case where allowing amendment will require "additional discovery on a wide range of new issues," but rather will require, at most, limited additional discovery that the Court expects will be conducted efficiently. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Given the scope of amendment and the ability to minimize the prejudice to the City by reopening discovery, this factor does not weigh against granting leave to amend.

### D.　　Futility of Amendment

Leave to amend may be denied when "amendment to the complaint would likely prove futile." *Allen*, 911 F.2d at 374. The City argues that Plaintiff's motion for leave to amend to add a *Tameny* claim for termination against public policy is futile. ECF No. 56 at 6-7. Plaintiff has since abandoned her attempt to add a *Tameny* claim and proceeds only under FEHA and Title VII. *See* ECF No. 58 at 3 (explaining in reply brief that she "does not assert a Tameny claim against the City").

The Court recognizes that given that Plaintiff filed her revised proposed amended complaint after the City filed its opposition brief, the City did not have the opportunity to argue in its opposition that providing Plaintiff leave to assert her amended claims under FEHA and Title VII would be futile. *See* ECF Nos. 56, 65. However the City has not sought leave to file a response to Plaintiff's revised proposed amended complaint and—without prejudice to arguments the City may later raise—the Court sees no obvious grounds that would render these claims futile.

United States District Court
Northern District of California

The Court thus "defer[s] consideration of challenges to the merits" of these claims until the City challenges these claims via a motion to dismiss or for summary judgment. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *see Allen v. Bayshore Mall*, No. 12-cv-02368, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). This factor does not weigh against granting leave to amend.

### E.      Previous Amendment

As Plaintiff has not yet amended her complaint, this factor weighs in favor of providing leave to amend. *See Allen* 911 F.2d at 373.

In sum, that Plaintiff has not previously amended her complaint, is proceeding pro se, and is not acting in bad faith weigh in favor of granting leave to amend. The prejudice to the City may be appropriately addressed by reopening discovery, and the viability of the amended claims is best addressed on a motion to dismiss or at summary judgment. Although Plaintiff's delay in seeking leave to amend will require modifications to the case schedule and postpone the resolution of her case, this does not overcome the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052; *see Collins v. Wal-Mart Stores, Inc.*, No. 23-cv-01368, 2025 WL 1638319, at *5 (S.D. Cal. June 6, 2025) (granting pro se plaintiff leave to amend complaint even when "the filing of an amended complaint [would] prolong this litigation"). To effectuate the purpose of Rule 15 and "facilitate decision on the merits," the Court accordingly GRANTS Plaintiff's leave to amend and proceed using the revised proposed amended complaint at ECF No. 65. *Lopez*, 203 F.3d at 1127.

### IV.   CONCLUSION

Plaintiff's request to proceed using the revised amended complaint at ECF No. 65 is GRANTED. Plaintiff shall re-file her proposed amended complaint at ECF No. 65, and this newly filed amended complaint shall be the operative complaint.

The deadline for filing motions for summary judgment and *Daubert* motions, currently set for May 12, 2026, is vacated. *See* ECF No. 66. The parties' joint status report, due May 12, 2026,

shall, in addition to proposing a new deadline for filing motions for summary judgment and *Daubert* motions, propose any modifications to the discovery deadlines that the parties deem necessary.

**IT IS SO ORDERED.**

Dated: April 30, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California